IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TERRY HOEFER, a Washington resident,

    Plaintiff,

vs.

APPLE WASHINGTON LLC, a Washington limited liability corporation; and GATEWAY EVERGREEN, INC., a Washington corporation,

    Defendants.

NO.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

**JURY DEMAND**

COMES NOW Plaintiff Terry Hoefer, by and through his attorneys, Conrad A. Reynoldson of Washington Civil & Disability Advocate and Lance M. Hester of the Hester Law Group, Inc., P.S. and for his Complaint for Declaratory and Injunctive Relief states and alleges as follows:

## I.  OVERVIEW

1. The Americans with Disabilities Act and the Washington Law Against Discrimination require places of public accommodation to be accessible to people with disabilities.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF - 1

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON 98405
(253) 272-2157

2. A restaurant is a place of public accommodation within the meaning of Title III of the ADA, 42 U.S.C. §12181(7), and its implementing regulation, 28 C.F.R. §36.104.

3. Over 27 years after the passage of the Americans with Disabilities Act, Defendants discriminate against individuals with disabilities because together they own, operate, and/or lease a place of public accommodation that does not comply with the ADA's accessibility laws and regulations that were enacted into law to protect persons with mobility disabilities.

4. Therefore, Plaintiff brings his action to end the Defendants' civil rights violations against persons with mobility disabilities.

## II.   PARTIES

5. Plaintiff, Terry Hoefer, is a Washington resident and he resides in this district.

6. Mr. Hoefer has cerebral palsy and is unable to walk and is thus a a qualified person with a disability.

7. Mr. Hoefer uses a power wheelchair and a modified van for transportation and requires accessible parking, an accessible route, an accessible restroom and access to a compliant dining table surface to patronize the property in question.

8. APPLE WASHINGTON LLC is a Washington corporation that manages the Apple's which is a tenant of the property owned by GATEWAY EVERGREEN, INC., located at 13856 Bel-Red Road, Bellevue, King County, Washington.

9. Mark C. Russell is the in-house counsel for APPLE WASHINGTON LLC who provided an initial response to plaintiff's attorney's initial demand letter.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF - 2

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON 98405
(253) 272-2157

10. The address for APPLE WASHINGTON LLC's in-house counsel is 225 Bush Street, 18th Floor, San Francisco, CA 94104.

11. GATEWAY EVERGREEN, INC. is a Washington corporation.

12. GATEWAY EVERGREEN, INC. is the owner of the property at 1645 140th Ave. NE., Bellevue, WA 98005.

13. The registered agent for GATEWAY EVERGREEN, INC. is COGENCY GLOBAL INC.

14. The address for the registered agent for GATEWAY EVERGREEN, INC. is 1780 Barnes Boulevard SW, Tumwater, WA 98512.

### III. JURISDICTION AND VENUE

15. This court has jurisdiction pursuant to 28 U.S.C. §1331, which gives district courts original jurisdiction over civil actions arising in the Constitution, laws, or treaties of the United States.

16. This court has jurisdiction pursuant to 28 U.S.C. §1343(a)(4), which gives district courts jurisdiction over actions to secure civil rights under Acts of Congress.

17. This court has jurisdiction pursuant to 28 U.S.C. §1367, which gives district courts supplemental jurisdiction over state law claims.

18. Venue is appropriate in this judicial district under 28 U.S.C. §1391 because the practices and procedures that gave rise to the Plaintiff's Complaint for Injunctive Relief and Damages occur in this district.

### IV. FACTUAL ALLEGATIONS

19. The ADA was enacted in 1990, "[t]o establish a clear and comprehensive prohibition of discrimination on the basis of disability."

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF - 3

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON 98405
(253) 272-2157

20. The ADA prohibits places of public accommodation from providing individuals with disabilities with separate or unequal benefits and services.

21. Defendants' property is one example of countless places of public accommodation that have substantial and numerous compliance issues with the ADA. (Approximately only 2% of places of public use are completely ADA compliant. Carrie Becker, Private Enforcement of the Americans with Disabilities Act Via Serial Litigation: Abusive or Commendable?, 17 HASTINGS WOMEN'S L.J. 93, 99 (2006).)

22. Per 42 U.S.C. § 12101, the findings and purpose section of the original ADA, "...individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities..."

23. Further, "...census data, national polls, and other studies have documented that people with disabilities, as a group, occupy an inferior status in our society, and are severely disadvantaged socially, vocationally, economically, and educationally..." *Id.*

24. Finally, "...the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals..." *Id.*

25. Title III of the ADA states in relevant part: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

26. Mr. Hoefer is a qualified individual with a disability within the meaning of Title III of the ADA and the Washington Law Against Discrimination.

27. Mr. Hoefer faced discrimination by Defendants due to his disability that harmed and continues to harm him and prevent him for simply enjoying a monthly lunch with his family.

## Plaintiff

28. Mr. Hoefer is an Olalla, Washington resident.

29. Mr. Hoefer has cerebral palsy and is unable to walk and is thus a a qualified person with a disability.

30. Mr. Hoefer travels to the Applebee's in question on a monthly basis for a family lunch.

31. Mr. Hoefer last patronized the property in question on July 17, 2017.

32. Mr. Hoefer plans to return to the property in question once the alleged accessibility barriers and his discrimination are addressed.

## Accessibility Barriers

33. Mr. Hoefer patronized the Applebee's on July 17, 2017 using his power wheelchair and modified van, albeit at personal risk due to accessibility barriers that do not comply with ADA standards.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF - 5

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON 98405
(253) 272-2157

34. Mr. Hoefer does not feel safe accessing the property as is due to the current accessibility barriers that do not comply with ADA standards.

35. The barriers Mr. Hoefer encountered were noncompliant accessible parking and associated signage in the parking lot, an unsafe and noncompliant curb ramp up to the entrance, dining tables arranged too close together, and restroom mirrors that are too high.

36. In all of the areas Mr. Hoefer encountered barriers, Defendants' property does not comply with the ADA's accessibility laws and regulations under either the 1991 ADA Standards for Accessible Design (1991 Standards) 2010 ADA Standards for Accessible Design (2010 Standards).

37. Mr. Hoefer requires compliant accessible parking in order to safely patronize the Applebee's in question using his modified van and power wheelchair.

38. Mr. Hoefer requires a compliant curb ramp in order to safely patronize the Applebee's in question using his power wheelchair.

39. Mr. Hoefer requires sufficient maneuvering clearance to access dining tables comfortably using his power wheelchair.

40. Mr. Hoefer requires compliant restrooms to comfortably patronize the restaurant using his power wheelchair.

41. Mr. Hoefer entered the restaurant and was seated at a table with his family for lunch.

### Discrimination

42. Approximately 20 minutes after being seated Mr. Hoefer and his family were suddenly and rudely interrupted by the manager.

43. Despite the fact that this was the table where Mr. Hoefer and his family were initially asked to be seated the manager told him that he could not "jump" over his powerchair and that he would need to move.

44. The tables are arranged too close together for Mr. Hoefer to fit his powerchair between them and as result he was parked at the head of the table and obstructing the aisle.

45. Mr. Hoefer and his family were then made to wait approximately 10 minutes before being reseated.

46. This interaction made Mr. Hoefer feel humiliated and unwelcome at the restaurant due to his disability.

47. Mr. Hoefer and his family called the company later that day and were offered a small gift card.

48. This gift card was only provided after following up and reminding them.

49. Mr. Hoefer also received a call from someone named Iverson who told him that any compensation beyond this token gift card would need to be handled by attorneys and that our client could not speak with the manager.

50. Mr. Hoefer was further humiliated by this conversation as all he wanted to do was to receive fair compensation for what he went through and to reach an understanding with the manager so that he would feel welcome coming back again.

51. Mr. Hoefer continues to feel unwelcome at Applebee's.

52. Mr. Hoefer's relationship with his grandmother has suffered as a result of the incident. Mr. Hoefer has not had monthly family lunches at the restaurant since

the incident because he fears there will be another incident and further humiliation.

### Pre Litigation Notice

53. While not legally required, Mr. Hoefer's attorney Conrad Reynoldson of Washington Civil & Disability Advocate, provided pre litigation notice and an opportunity to settle this matter without a lawsuit via written correspondence.

54. A demand letter was sent to Applebee's Services, Inc. through its registered agent, CORPORATION SERVICE COMPANY dated August 14, 2017.

55. This letter was acknowledged on August 18, 2017. In that acknowledgment, Applebee's Services, Inc. claimed that the restaurant in question is owned by an independent franchisee, Apple Washington LLC and that neither Applebee's Services, Inc. nor any of their corporate affiliates own, operate, or manage the restaurant in question.

56. A paralegal for Applebee's Services, Inc., Lorita Sajous, confirmed that the demand letter was forwarded to Apple Washington LLC as of August 21, 2017.

57. On August 30, 2017 Mark C. Russell, in-house counsel for Apple Washington LLC, responded to the demand letter in an email. While he apologized for Mr. Hoefer having a bad experience at the restaurant he claimed that "all our actions were appropriate under the circumstances, and certainly not unlawful under the ADA."

**

**

## Summary

58. Defendants' property is not safe for people who use wheelchairs and modified vehicles because it does not comply with the ADA's accessibility laws and regulations.

59. Defendants' property is not welcoming to people who use wheelchairs and modified vehicles because it does not comply with the ADA's accessibility laws and regulations.

60. The failure of APPLE WASHINGTON LLC and GATEWAY EVERGREEN, INC. to make the property comply with the ADA's accessibility laws and regulations works to exclude people with disabilities from equal access and enjoyment.

## V. FIRST CAUSE OF ACTION

61. Mr. Hoefer incorporates by reference the allegations in the paragraphs above.

62. Mr. Hoefer has cerebral palsy and is unable to walk and is thus a qualified individual with a disability within the meaning of Title III of the ADA.

63. Title III of the ADA states in relevant part: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

64. Defendant, APPLE WASHINGTON LLC, is a tenant of the property owned by GATEWAY EVERGREEN, INC.

HESTER LAW GROUP, INC., P.S.
1008 SOUTH YAKIMA AVENUE, SUITE 302
TACOMA, WASHINGTON 98405
(253) 272-2157

65. Defendant, GATEWAY EVERGREEN, INC., owns the property at 1645 140th Avenue NE, Bellevue, WA 98005.

66. The Applebee's and the associated accessible parking and route are a place of public accommodation. 42 U.S.C. § 12181(7)(B).

67. Defendants have discriminated against Plaintiff on the basis of his disability.

68. Defendants' discriminatory conduct includes but is not limited to:
    a. Discriminatory exclusion and/or denial of goods, services, facilities, privileges, advantages, accommodations, and/or opportunities;
    b. Provision of goods, services, facilities, privileges, advantages, and/or accommodations that are not equal to those afforded non-disabled individuals;
    c. Failing to make reasonable modifications in policies, practices, and/or procedures as necessary to afford the goods, services, facilities, privileges, advantages, and/or accommodations to individuals with disabilities;
    d. Failing to make alterations in such a manner that, to the maximum extent feasible, the altered portions are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs;
    e. Failing to remove barriers to individuals with disabilities where it would be readily achievable to do so.

69. As such, Defendants discriminate and, in the absence of the injunction requested herein, will continue in the future to discriminate against Plaintiff on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities at the restaurant in

question in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and/or its implementing regulations.

70. Defendants' discriminatory conduct as alleged in this Complaint for Declaratory and Injunctive Relief has harmed Mr. Hoefer, and the harm continues.

71. Defendants' discriminatory conduct as alleged in this Complaint for Declaratory and Injunctive Relief entitles Mr. Hoefer to declaratory and injunctive relief. 42 U.S.C. § 12188.

72. Defendants' discriminatory conduct as alleged in this Complaint for Declaratory and Injunctive Relief entitles Mr. Hoefer to recover his reasonable attorneys' fees and costs incurred in bringing this action. 42 U.S.C. § 12205.

## VI.   SECOND CAUSE OF ACTION

### Violation of the Washington Law Against Discrimination (R.C.W. §§ 49.60.010 et seq.)

73. Plaintiff, Mr. Hoefer, incorporates by reference the allegations in the paragraphs above.

74. Mr. Hoefer is a qualified individual with a disability within the meaning of the Washington Law Against Discrimination.

75. Section 49.60.030(1) of the Revised Code of Washington provides in pertinent part: "The right to be free from discrimination because of . . . the presence of any sensory, mental, or physical disability . . . is recognized as and declared to be a civil right. This right shall include, but not be limited to: . . . (b) The right to the full enjoyment of any of the accommodations, advantages, facilities, or privileges of any place of public resort, accommodation, assemblage, or amusement . . . ."

76. Defendant, APPLE WASHINGTON LLC's Applebee's restaurant is a tenant of the property at 1645 140th Avenue NE, Bellevue, WA 98005.

77. Defendant, GATEWAY EVERGREEN, INC, owns the property at 1645 140th Avenue NE, Bellevue, WA 98005.

78. Defendant has violated and continues to violate §§ 49.60.010 *et seq.* of the Revised Code of Washington by violating multiple accessibility requirements under the ADA.

79. Defendants have violated and continue to violate §§ 49.60.010 et seq. of the Revised Code of Washington by unlawfully discriminating against Mr. Hoefer on July 17, 2017 per the incorporated facts above and treating him as not welcome, accepted, desired, or solicited due to his disability.

80. Defendants' actions constitute discrimination against persons with disabilities and violate the Washington Law Against Discrimination, Revised Code of Washington § 49.60.010 et seq., in that persons with mobility disabilities have been and are denied full and equal enjoyment of the accommodations, advantages, facilities, privileges, and services that Defendants provide to individuals who do not have disabilities.

81. As a direct and proximate result of Defendants' discriminatory conduct as alleged in this Complaint for Declaratory and Injunctive Relief, Mr. Hoefer has suffered and continues to suffer difficulty, hardship, isolation, and segregation due to Defendants' discrimination and failure to remediate.

82. Defendants' discriminatory conduct as alleged in this Complaint for Declaratory and Injunctive Relief has denied Mr. Hoefer the full and equal enjoyment of services that the Washington Law Against Discrimination requires.

83. Mr. Hoefer has a clear legal right to access the restaurant under the Washington Law Against Discrimination.

84. Mr. Hoefer has the right for Defendants' property to comply with the ADA's accessibility laws and regulations under the Washington Law Against Discrimination.

85. Defendants' property does not comply with the ADA's accessibility laws and regulations.

86. Because Defendants' property does not comply with the ADA's accessibility laws and regulations, declaratory and injunctive relief are appropriate remedies under the Washington Law Against Discrimination. *See e.g. Kucera v. Dep't of Transp.*, 140 Wash. 2d 200, 209 (2000).

87. Pursuant to RCW § 49.60.030(2), Mr. Hoefer is entitled to declaratory and injunctive relief and to recover from Defendants his reasonable attorneys' fees and costs incurred in bringing this action.

## VII.   PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF Mr. Hoefer respectfully requests that this Court:

1. Assume jurisdiction over this action;

2. Find and declare Defendants APPLE WASHINGTON LLC and GATEWAY EVERGREEN, INC. to be in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq. and the Washington Law Against

Discrimination, Wash. Rev. Code §§ 49.60.010 et seq. because the property does not comply with the ADA's accessibility laws and regulations;

3. Issue a permanent injunction ordering Defendants to immediately implement the necessary improvements to bring the property into compliance with the ADA's accessibility laws and regulations;

4. Award Mr. Hoefer reasonable attorneys' fees and costs as authorized by 42 U.S.C. § 12205 and Wash. Rev. Code § 49.60.030(2);

5. Award actual, compensatory, and/or statutory damages to Mr. Hoefer for violations of his civil rights as allowed under state and federal law;

6. Award such additional or alternative relief as may be just, proper and equitable.

DATED this 11th day of September, 2017.

HESTER LAW GROUP, INC., P.S.
Attorneys for Plaintiff

By: _____
Lance M. Hester
WSB# 27813

WASHINGTON CIVIL & DISABILITY ADVOCATE
Attorneys for Plaintiff

By: _____
Conrad Reynoldson
WSB# 48187