HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TERRY HOEFER,

    Plaintiff,

v.

APPLE WASHINGTON LLC and
GATEWAY EVERGREEN, INC.,

    Defendants.

CASE NO. C17-1369 RAJ

ORDER

## I.    INTRODUCTION

This matter comes before the Court on Defendant Apple Washington LLC's Motion to Dismiss Cross-Claims. Dkt. # 24. Defendant Gateway Evergreen, Inc. opposes the Motion. Dkt. # 25. For the reasons set forth below, the Court **GRANTS** Apple's Motion to Dismiss. Dkt. # 24.

## II.    BACKGROUND

The following is taken from Plaintiff's Complaint, which is assumed to be true for the purposes of this motion to dismiss. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007).

On September 11, 2017, Plaintiff Terry Hoefer filed a Complaint for declaratory and injunctive relief against Defendants, Apple Washington LLC ("Apple") and Gateway Evergreen, Inc. ("Gateway"), for violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, *et seq.*, and the Washington Law Against Discrimination ("WLAD"), RCW 48.60.010, *et seq.* Dkt. # 1. Plaintiff served both Defendants on September 20, 2017. Dkt. ## 4, 5. On October 12, 2017, Apple filed a motion for extension of time to file an Answer. Dkt. # 7. Apple's motion was terminated as counsel for Apple had not yet appeared in this matter. Counsel then represented to the Court that they intended to file an appearance and would then refile the motion. *Id.*

On November 8, 2017, Gateway emailed a letter to Apple's counsel, tendering defense and indemnification of Plaintiff's claims against Gateway to Apple. Dkt. # 26 Ex. B. The next day, Gateway filed its Answer and cross-claims against Apple for contractual and common law indemnity. Dkt. # 9. On January 21, 2018, Plaintiff voluntarily dismissed his claims against Apple. Dkt. # 12. Gateway then served Apple with summons and their Answer on March 16, 2018. Dkt. # 24 at 3; Dkt. # 25 at 2. On March 21, 2018, Plaintiff and Gateway filed a stipulated motion to dismiss all claims against Gateway, which was granted several days later. Dkt. # 20. The only claims now at issue in this case are Gateway's cross-claims against Apple. Apple has now filed this Motion to Dismiss the cross-claims against them pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) for insufficient service of process. Dkt. # 24. In the alternative, Apple also requests that the Court decline supplemental jurisdiction over Gateway's state law cross-claims.

**III.    DISCUSSION**

Federal Rule of Civil Procedure 12(b)(4) allows for dismissal based on insufficient process, and was designed to allow challenges to irregularities in the contents of a summons. Fed. R. Civ. P. 12(b)(4). Rule 12(b)(5) allows for dismissal based on insufficient service of process, allowing a defendant to challenge the method of service

attempted by the plaintiff. Fed. R. Civ. P. 12(b)(5). Apple argues that Gateway did not timely serve them with its cross-claims because Gateway did not properly serve Apple with their Answer when it was filed. Apple contends that Gateway's eventual service of the Answer is also insufficient because Gateway failed to serve them prior to their dismissal from this suit, and as such they are no longer a party in this action.

The Court will first address Apple's argument that Gateway failed to properly serve them because the summons they received on March 16, 2018 failed to comply with Federal Rule of Civil Procedure 4. Rule 4(a)(1)(A) states that a summons must "name the court and the parties." "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *United Food & Commercial Workers Union, Locals 197, 373, 428, 588, 775, 839, 870, 1119, 1179 & 1532, by United Food & Commercial Workers Int'l Union, AFL-CIO v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984). Even if the summons fails to name all of the defendants, dismissal is generally not justified absent a showing of prejudice. *Id*.

The summons at issue named the Court and the parties to the suit, including Apple. While Apple argues that it was not a party when the summons was issued, they clearly had notice of Gateway's claims. Gateway sent its tender of defense and indemnification to Apple's previous representatives on November 8, 2017, and then sent it again by email to an Apple in-house attorney on January 17, 2018. Dkt. # 26 Exs. B, D. Gateway also submits several emails between their counsel and counsel for Apple discussing the tender, and at one point, the correspondence indicates that Apple agreed accept the tender. Dkt. # 26 Exs. E-H. Apple contends that it will be prejudiced if Gateway's cross-claims are permitted to proceed because they will be drawn back into a lawsuit several months after their dismissal. However, it appears from the evidence submitted that they continued to be a part of this litigation long after that date.

Apple's argument that they are prejudiced by Gateway's continued litigation of this case after they were dismissed is also unpersuasive. Gateway was dismissed from

this case only two months after Apple, and the only remaining claims are between Gateway and Apple. The parties do not dispute that the litigation between Gateway and Apple over indemnification has just begun, therefore to the extent that Gateway continued to litigate this lawsuit while Apple was not participating, it does not appear that Apple would be prejudiced by it. Apple acknowledges that should this case be dismissed, litigation between the parties could commence in state court. Therefore, their argument that being "pulled back" into this lawsuit would be prejudicial to them is also not persuasive. Apple's status as a "party" to this lawsuit and the timing of their dismissal is not a sufficient basis on which to dismiss this Gateway's cross-claims.

Federal Rule of Civil Procedure 4(m) requires that a defendant be served within 90 days after a complaint is filed. Fed. R. Civ. P. 4(m). If plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. *Id.* District courts have broad discretion to extend time for service under Rule 4(m) even without a showing of good cause. *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007); *United States v. 2,164 Watches, More or Less Bearing a Registered Trademark of Guess?, Inc.*, 366 F.3d 767, 772 (9th Cir. 2004). "In making extension decisions under Rule 4(m) a district court may consider factors like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Efaw*, 473 F.3d at 1041. The 90-day period for service of Gateway's cross-claims expired on February 7, 2018. Gateway served Apple with their Answer on March 16, 2018, or 38 days later. As noted above, the Court finds that Apple had notice of Gateway's cross-claims and has not shown that they were prejudiced by the delay in service. Gateway also properly served Apple a little over a month after the 90-day period expired. The Court finds that extending the time for service in this matter would be well within a district court's discretion.

Finally, Apple requests that the Court decline to exercise supplemental jurisdiction of Gateway's state law claims, as the federal law claims in this case have been dismissed.

A district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (internal citations omitted). The Court finds that the balance of factors weigh in favor of declining supplemental jurisdiction over these claims. While this case has been pending for over a year, Gateway concedes that litigation in this matter has just begun. The parties have not exchanged initial disclosures, conducted discovery, or held their Rule 26(f) conference. Gateway also concedes that this is not a case where the statute of limitations would affect its ability to file another lawsuit in state court, asserting the same claims it asserts here. Dkt. # 25 at 10-11. Judicial economy also does not weigh in favor of exercising supplemental jurisdiction. The federal law claims in this case have long been settled and no issues related to those claims have been before the Court. Therefore, the Court declines supplemental jurisdiction over Gateway's cross-claims and **GRANTS** Apple's Motion to Dismiss.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Apple's Motion to Dismiss. Dkt. # 24.

Dated this 27th day of December, 2018.

The Honorable Richard A. Jones
United States District Judge

ORDER- 5